# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

In re:                                )
                                      )
KAREN VINCENT,                        )     Chapter 7
                                      )     Case No. 12-20447
            Debtor.                   )

## U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11 MASTER PARTICIPATION TRUST'S MOTION TO REOPEN BANKRUPTCY CASE

Creditor and party-in-interest U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust ("U.S. Bank Trust"), as successor in interest to creditor Bank of America Mortgage ("BANA"), hereby moves to reopen the above-captioned bankruptcy action. In her Chapter 7 bankruptcy petition (the "Bankruptcy Case"), debtor Karen Vincent ("Debtor") represented that her intention was to retain her real property located at 417 Bonny Eagle Road, Standish, Maine (the "Property") and reaffirm the debt secured by mortgages encumbering the Property. Based on this representation that there were two valid mortgage claims encumbering the Property and that there appeared to be no equity, the bankruptcy trustee reported to the Court that there was no property available for distribution to creditors, and Debtor received a discharge of her debts. Debtor, however, failed to reaffirm the debt on both mortgage claims and now asserts that the mortgages are unenforceable, thereby giving her a valuable asset free and clear of encumbrances that should have been administered as an asset of the bankruptcy estate. Unfortunately for Debtor, "[i]n bankruptcy, as in life, a person does not get to have h[er] cake and eat it too." *See In re Woide*, 730 F. App'x 731, 736 (11th Cir. 2018) (quoting *In re: Faillia*, 838 F.3d 1170, 1178 (11th Cir. 2016)). She should not be allowed to obtain a discharge based on a representation that removes property as an asset available to creditors and then claim that she owns that same property free and clear from all claims of her creditors who remain unpaid. This

is patently unfair and is contrary to the purpose of bankruptcy protection and the provisions of the Bankruptcy Code. As a result, U.S. Bank Trust moves this Court to reopen the Bankruptcy Case so that a Trustee can be appointed to administer an asset that Debtor claims is unencumbered by mortgages.

## BACKGROUND

On July 26, 2006, First Magnus Financial Corporation made a loan to Debtor in the original principal amount of $197,600.00 (the "Loan"), which loan was secured by a mortgage in the original principal amount of $197,600.00 (the "Mortgage"), encumbering the Property. By virtue of an assignment, the Mortgage was assigned to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing.

On April 19, 2012, Debtor filed a bankruptcy petition in which she listed the Property as an asset valued at $188,890.00 and the Mortgage as a secured claim in the amount of $184,859.72. ECF No. 1. As part of the Bankruptcy Case, Debtor stated her intention to retain the Property and "reaffirm the debt" with respect to the amounts owed on the Mortgage, as well as a second priority lien encumbering the Property. *Id.* Following a meeting of the creditors on June 1, 2012, the appointed trustee of Debtor's bankruptcy estate certified that he had "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate, and that there is *no property available for distribution from the estate over and above that exempted by law*." *See* Docket (emphasis added). On July 31, 2012, the Court granted Debtor a discharge of her *in personam* liabilities pursuant to section 727 of title 11 of the Bankruptcy Code (the "Discharge"). ECF No. 7.

Although Debtor made some mortgage payments after her discharge, she did not reaffirm the debt in writing consistent with her expressed intention in the Bankruptcy Case. In 2016, she
-2-

18241082.1

stopped making monthly mortgage payments and vacated the Property. *See U.S. Bank Trust, N.A., as trustee for LSF11 Master Participation Trust v. Karen Lisa Vincent,* U.S. District Court for the District of Maine, No. 2:20-cv-00380-JAW, Answer to Complaint and Counterclaim, ECF No. 6, ¶¶ 33, 34.

Through a series of assignments, U.S. Bank Trust became the owner of the Loan and mortgagee of the Mortgage. In an effort to enforce its interest in the Property, on October 15, 2020, U.S. Bank Trust filed a complaint ("Complaint")[1] against Debtor in the U.S. District Court for the District of Maine (*Id.*, ECF No. 1), which was dismissed by stipulation approximately three months later (*Id.*, ECF No. 18). On November 13, 2020, Debtor filed an answer and counterclaim against U.S. Bank Trust, Caliber Home Loans, Inc. as the prior servicer of the Loan ("Caliber"), and the attorneys filing the Complaint (the "Attorneys") (ECF No. 6), which she amended on January 27, 2021 (the "Counterclaim") (ECF No. 25).[2] As part of the Counterclaim, Debtor has taken the position that the Mortgage cannot be enforced as a result of the *Greenleaf* Decision, even though all parties assumed at the time of the Bankruptcy Case that the Mortgage was valid and enforceable.

On July 26, 2021, the Counterclaim was referred to the U.S. Bankruptcy Court for the District of Maine, where it was docketed as a miscellaneous proceeding (the "Miscellaneous Proceeding") and assigned docket No. 21-00201, to resolve the claim that U.S. Bank Trust,

---

[1] The claims in the Complaint included a count for foreclosure and related claims that were designed to address various state law issues created by *Bank of Am., N.A. v. Greenleaf*, 2015 ME 127, 124 A.3d 1122 (the "*Greenleaf* Decision"), including the claim that Debtor's representations and conduct equitably estopped her from challenging U.S. Bank Trust's standing to foreclose and enforce the Mortgage. The *Greenleaf* Decision arguably significantly changed the law on mortgages in Maine.

[2] The Amended Counterclaim contains purported claims for alleged violations of the bankruptcy discharge injunction, Federal Fair Debt Collection Practices Act ("FDCPA"), and 14 M.R.S. § 6113. ECF No. 25.

Caliber, and the Attorneys violated the bankruptcy discharge injunction, and whether it has jurisdiction over related claims for alleged violations of FDCPA and Maine state law, including the claim that U.S. Bank Trust and Caliber did not act in good faith because they should have known that the Mortgage was unenforceable in light of the *Greenleaf* Decision.

Now, despite her representation and promise to reaffirm the debt in the Bankruptcy Case, which indicated to the trustee that the Mortgage was valid and enforceable (which all parties assumed at the time) and essentially removed the Property from consideration as an asset that could be liquidated and used to pay creditors, Debtor now claims that the mortgages are unenforceable and she owns a valuable asset free and clear of all liens. If Debtor is correct that the Mortgage is unenforceable, the Property should have been part of her bankruptcy estate and the value of the Property should have been factored into what Debtor needed to pay to obtain a discharge. Therefore, for cause shown, the matter should be reopened so that Creditor can seek the appropriate relief from the Court.

## ARGUMENT

### I. Standard of Review

Pursuant to Section 350(b) of the Bankruptcy Code, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The Code does not provide a deadline for moving to reopen a bankruptcy action pursuant to § 350(b). *See* 11 U.S.C. § 350(b); Fed. R. Bankr. P. 5010; Fed. R. Bankr.P. 9024. "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Fed. R. Bankr. P. 5010. "It is well settled that the decision to reopen a case is within the sound discretion of the bankruptcy court. […] This discretion depends upon the circumstances of the individual case and accords with the equitable nature of all

bankruptcy proceedings." *In re Ludvigsen*, No. BAP MB 14-039, 2015 WL 3733193, at *4 (B.A.P. 1st Cir. Jan. 16, 2015) (quoting *Mass. Dep't of Rev. v. Crocker (In re Crocker)*, 362 B.R. 49, 53 (B.A.P. 1st Cir.2007) (internal citations omitted). "A court properly exercises its discretion to reopen a bankruptcy case when it does so in order to permit a dispute to be decided "on the substantive merits rather than technical defects." *Id.* at *4 (quoting *In re Rutherford*, 427 B.R. 656, 659 (Bankr .S.D.Ohio 2010). In determining whether there is "cause" to reopen a bankruptcy action, the Court may consider equitable factors. *In re Andersen*, No. BAP MB 10-015, 2011 WL 4571900, at *3 (B.A.P. 1st Cir. Jan. 20, 2011).

> II. **The Court Should Reopen the Bankruptcy Case Because Debtor Failed to Reaffirm the Mortgage Debt and Is Now Taking the Conflicting Position That the Mortgage is Unenforceable.**

In the Bankruptcy Case, Debtor unequivocally represented that her intention was to retain the Property and reaffirm the Mortgage debt. Based on the Mortgage appearing valid, the Property was not administered by the bankruptcy trustee as an asset that potentially could be liquidated and used to pay creditors. Notwithstanding this representation, Debtor failed to reaffirm the debt in writing and now, after taking advantage of the bankruptcy discharge, she claims that the Mortgage is unenforceable and her ownership is not subject to that encumbrance.

The First Circuit has been clear that "11 U.S.C. § 521(2) unambiguously requires chapter 7 debtors wishing to retain property of the estate that secures a consumer debt to elect one of the retention options specified in 11 U.S.C. § 521(2)(A), and then to perform the elected option in accordance with 11 U.S.C. § 521(2)(B)." *In re Burr*, 160 F.3d 843, 849 (1st Cir. 1998). As admitted by Debtor in the Counterclaim, Debtor failed to perform her stated intent to reaffirm the Mortgage.

18241082.1

In the matter of *Bank of America, N.A. v. Rodriquez,* debtor opted to reaffirm her mortgage debt in her Chapter 7 bankruptcy case and received a discharge; however, she never reaffirmed the debt and failed to make her monthly payments to the creditor. *Bank of Am., N.A. v. Rodriguez*, 558 B.R. 945, 947 (S.D. Fla. 2016). The appellate court affirmed the lower court's order and held that "the bankruptcy case should be reopened and [debtor] compelled to surrender the property given her failure to reaffirm her loan with creditor", reasoning that debtor's "failure to comply with her statutory duty under 11 U.S.C. § 521(a)(2)(B) by making payments or reaching a reaffirmation agreement with [creditor] is compelling enough to warrant reopening this bankruptcy case". *Id.. See also In re Woide*, 730 F. App'x at 736 (ordering debtors to surrender real property after noncompliance with their stated intention in their Chapter 7 petition in violation of 11 U.S.C. § 521, reasoning that "[i]n bankruptcy, as in life, a person does not get to have his cake and eat it too.") (citation omitted). Courts also have accorded creditors miscellaneous other forms of relief when debtors have failed to comply with their stated intention in their respective bankruptcy petitions. *See, e.g., In re Rathbun*, 275 B.R. 434, 438 (Bankr. D.R.I. 2001) (granting creditor relief from stay and leave to seek remedies in state court); *In re Donnell*, 234 B.R. 567, 573 (Bankr. D.N.H. 1999) (outlining remedies available to creditor).

Here, as noted above, there is sufficient cause to reopen the Bankruptcy Case pursuant to 11 U.S.C. § 350(b). Creditors have been harmed by Debtor's actions, including her failure to comply with her obligations under the Bankruptcy Code to reaffirm the debt despite her representations to the Court. The holders of the Mortgage reasonably relied on Debtor's representations in the Bankruptcy Case by not objecting to the discharge or seeking relief from stay to enforce its rights under the Mortgage. The bankruptcy trustee also relied on Debtor's

18241082.1

representations by reporting to the Court that there was no property available to pay creditors (a reasonable position at the time), resulting in a discharge of her debts. Debtor, however, now is seeking to obtain a windfall at the expense of her creditors who were left with unpaid debts by claiming that the Property, which was removed from consideration as an asset due to the mortgages and the representation by Debtor that she would reaffirm the debt, is not encumbered by enforceable mortgages.

In Schedule A, Debtor listed the Property as being valued at $188,890.00. If, as Debtor contends, the *Greenleaf* Decision renders the Mortgage unenforceable, which U.S. Bank Trust denies, there would be cause to reopen the Bankruptcy Case so that the Property could be administered as a potential asset of the bankruptcy estate that could have been liquidated and available to pay potential claims of creditors. The existence of a valuable asset would have significantly impacted the administration of the estate and Debtor's discharge. As a result of the tangled web created by Debtor's failure to comply with her representations and legal obligations to affirm the debt, as well as complexities in Maine law, the Court should reopen the Bankruptcy Case so that the issues and claims relating to Property can be resolved and, if the mortgages are enforceable as claimed by Plaintiff, the trustee can then administer an asset that should have been made available for the payment of claims by creditors.

Moreover, Debtor should be estopped from now arguing that the Mortgage is invalid. She affirmatively stated under oath her intention to reaffirm the debt, but did not do so. She did not rescind any reaffirmation agreement as she did not bother to enter into a reaffirmation agreement. Accordingly, she should not be able to now argue the ability to challenge the Mortgage. *See In re Pratt*, 462 F.3d 14, 18 (1st Cir. 2006) ("Where the debtor decides not to reaffirm, or the parties cannot negotiate a reaffirmation, or redemption is not economically

feasible, the debtor has but one option: 'surrender' the collateral."); *In re Failla*, 529 B.R. 786, 793 (Bankr. S.D. Fla. 2014), *aff'd sub nom. Failla v. Citibank, N.A.*, 542 B.R. 606 (S.D. Fla. 2015), *aff'd sub nom. In re Failla*, 838 F.3d 1170 (11th Cir. 2016) ("For the reasons described above, the Debtors' active defense of the foreclosure action in the State Court does not comport with the definition of 'surrender' for purposes of the Bankruptcy Code."). At a minimum, if Debtor is going to reach back in time and attempt to undo her Statement of Intention reaffirming what she thought were valid mortgages, then the case should be reopened and a trustee appointed so that a trustee can review the issues of whether the Property can be administered for the benefit of the creditors in the Bankruptcy Case. It would be inequitable for Debtor to have the benefits of the bankruptcy without the burdens.

### III. **Local Rule 9013-1.**

Pursuant to Local 9013-1(b), U.S. Bank Trust (through undersigned counsel) states that it has consulted with Debtor (through counsel) and that Debtor does not consent to this Motion.

18241082.1

**CONCLUSION**

WHEREFORE, for cause shown, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, as a party-in-interest, requests that the Court grant its Motion to Reopen the Bankruptcy Case and to appoint a trustee.[3]

Dated: October 14, 2021

Respectfully submitted,

**U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11 MASTER PARTICIPATION TRUST,**

By its attorneys,

 /s/ Adam J. Shub
Adam J. Shub, Bar No. 4708
Anthony J. Manhart, Bar No. 9615
Preti Flaherty, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
ashub@preti.com

Thomas J. O'Neill (*pro hac vice pending*)
Day Pitney LLP
263 Tresser Boulevard, 7th Floor
Stamford, CT 06901
T: (203) 977-7557
tjoneill@daypitney.com

Michael K. Lane (*pro hac vice pending*)
Day Pitney LLP
One Federal Street
Boston, MA 02110
T: (617) 345-4624
mlane@daypitney.com

---

[3] If the Court reopens the Bankruptcy Case, U.S. Bank Trust intends to move to consolidate the Bankruptcy Case with the Miscellaneous Proceeding.

-9-

# CERTIFICATE OF SERVICE

I, Adam J. Shub, hereby certify that I caused to be served true and correct copies of the above Motion to Reopen Bankruptcy Case, Notice of Response Date and Notice of Hearing, proposed Order, and this Certificate of Service on each of the parties set forth on the Service List below, via First Class U.S. mail, postage fully prepaid, on this date.

All other parties listed on the Notice of Electronic Filing have been served electronically on this date.

Dated at Portland, Maine, this 14th day of October, 2021.

/s/ Adam J. Shub
Adam J. Shub
Counsel for U.S. Bank Trust, N.A, as Trustee
For LSF11 Master Participation Trust

Preti Flaherty, LLP
One City Center
P.O. Box 9546
Portland, ME  04112-9546
(207) 791-3000
ashub@preti.com

## Service List

N/A